Nicholas R. Nowicki
AZ Lic. # 029740
McDonough & Nowicki PLLC
7107 East Thomas Rd., Suite 105
Telephone: 612-217-0257
Fax: 651-444-5262
Email: nik@mcnowick.com

*Attorneys for Plaintiff,*
*Leshae Ali*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leshae Ali, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| USAA Federal Savings Bank. | **JURY TRIAL DEMAND** |
| Defendant. | |

For her Complaint against the Defendant USAA Federal Savings Bank (hereinafter "Defendant"), the Plaintiff Leshae Ali (hereinafter "Plaintiff") states and alleges as

1

follows based on her personal knowledge, on investigations of counsel, and on information and belief:

## INTRODUCTION

1. This is a lawsuit to recover damages arising from Defendant's violations of the Electronic Fund Transfer Act (EFTA), 15 U.S.C. 1693 *et seq*.

## PARTIES

2. Plaintiff is a natural person residing in the City of Avondale, County of Maricopa, State of Arizona.

3. Defendant is a federal savings bank chartered by the United States Department of the Treasury.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1693m(g).

5. Venue lies in this District pursuant to 28 U.S.C. § 1391b(2) because Defendant's acts and omissions giving rise to this suit occurred, or should have occurred, in the District of Arizona.

6. This Court has personal jurisdiction over Defendant because Defendant maintains a branch office in Phoenix, Arizona, holds deposits and executes banking transactions for Arizona residents, communicates by mail and phone with Arizona customers in Arizona, and authorizes banking transactions from electronic terminals throughout Arizona.

## FACTUAL ALLEGATIONS

7. Prior to December of 2015, Plaintiff established a savings account with Defendant for personal, family, and household use.

8. Defendant permitted electronic fund transfers to and from Plaintiff's account, including computer-based transfers and transfers initiated by an access card bearing magnetic tape provided by Defendant to Plaintiff.

9. On December 11, 2015, Plaintiff concluded she had been a fraud victim based upon Defendant's statement of her account showing a substantial deficit.

10. Plaintiff called USAA on December 11, 2015 and disputed the deficit by advising Defendant the account number, the amount, and her belief that she may have been the victim of fraud.

11. That same day, Plaintiff filed a fraud report with the City of Avondale police.

12. On January 14, 2016, Plaintiff called Defendant again because she had received no information from Defendant concerning her December 11, 2015 report of fraud.

13. Defendant's representative advised Plaintiff on January 14, 2016 that the investigation was not completed because the person with whom Plaintiff spoke on December 11, 2015 failed to take all necessary steps.

14. Plaintiff again provided Defendant with specific information over the telephone regarding her account, the deficit, and her belief that she may have been the victim of fraud.

15. Plaintiff asked Defendant to investigate and provide her an explanation.

16. On January 28, 2016, Plaintiff received notices from Defendant dated January 21, 2016 stating that Defendant completed its investigation of Plaintiff's claims and found no fraudulent transactions.

17. Defendant's notices stated—consistent with the EFTA, 15 U.S.C. § 1693f(d)—that Plaintiff could call to request copies of documents and information Defendant used to make its decision.

18. Plaintiff called Defendant on February 1, 2016 and requested the copies of documents and information Defendant used to make its decision.

19. Plaintiff spoke with several representatives of Defendant on February 1, 2016 who advised that they did not believe Plaintiff was entitled to receive any documentation or information from Defendant. Defendant's representatives stated that if Plaintiff was entitled to receive the documents and information Defendant relied upon, Defendant would contact her within forty-eight hours.

20. After forty-eight hours passed, on February 3, 2016, Plaintiff called Defendant again to demand an explanation why Defendant had not contacted her or otherwise provided the documents and information used to make its decision.

21. Defendant's representative stated on February 3, 2016 that Plaintiff was not entitled to receive any documentation or information concerning Defendant's decision.

22. Plaintiff asked Defendant's representative why Defendant's notices of January 21, 2016 stated that Plaintiff was entitled to the documents and information relied upon by Defendant if, in fact, that was not true.

23. Defendant's representative stated that Plaintiff could not obtain the documents because Plaintiff had filed a police report.

24. Another representative of Defendant called Plaintiff on February 4, 2016. Defendant's representative confirmed that, in Defendant's view, Plaintiff was not entitled to any documents or information from Defendant concerning its decision because she had filed a police report.

25. As of the filing of this Complaint, Defendant has provided Plaintiff with no documents or information concerning its decision.

26. No representative of Defendant at any time asked Plaintiff to confirm any of her requests in writing.

27. Defendant's actions and omissions have caused injury to Plaintiff's ability to protect herself and enforce her rights.

## CAUSE OF ACTION

### COUNT I.

### VIOLATIONS OF THE EFTA

28. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

29. The foregoing acts and omissions of the Defendant constituted numerous and multiple violations of the EFTA, including, but not limited to, sections 1693f(a), 1693f(b), and 1693(d).

30. If Plaintiff is successful in establishing the above violations, Plaintiff is entitled to recover from Defendant treble damages caused by Defendant's actions and omissions, statutory damages, litigation costs, and attorneys' fees as provided by the EFTA, 15 U.S.C. § 1693m(a).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that a judgment and order be entered against Defendant as follows:

- for treble damages as provided by the EFTA;
- for statutory damages of $1,000, as provided by the EFTA;
- for reasonable costs and attorney's fees, as provided by the EFTA; and
- for such other and further relief as may be just and proper.

DATED: February 15, 2016              **McDonough & Nowicki PLLC**

/s/ Nicholas R. Nowicki

Nicholas R. Nowicki
AZ Lic. # 029740
McDonough & Nowicki PLLC
7107 East Thomas Rd., Suite 105
Telephone: 612-217-0257
Fax: 651-444-5262
Email: nik@mcnowick.com

|   |   |
|---|---|
| 1 | |
| 2 | Telephone: 612-217-0257 |
| 3 | Fax: 612-345-7016<br>Email: nik@mcnowick.com |
| 4 | |
| 5 | Attorney for Plaintiff,<br>Leshae Ali |